UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO


MARTHA R. CROWE                                                            PETITIONER


v.                                              CIVIL ACTION NO. 4:11CV-89-CRS
                                                CRIMINAL ACTION NO. 4:95CR-13-CRS


JOE KEFFER, Warden                                                         RESPONDENT
FMC Carswell


## MEMORANDUM OPINION

   This matter is before the court for consideration of a number of motions in this habeas corpus action.  The court entered a Superseding Memorandum Opinion and separate Order and Judgment finally resolving this matter in favor of the United States and dismissing the habeas petition.  DNs 75, 76.  The history of the case is recited in the Superseding Memorandum Opinion and need not be restated here.  The petitioner, Martha Crowe, *pro se,* sought to alter or amend the judgment, and later moved for judgment on the pleadings.  DNs 77, 86.  The United States has filed a response to those motions, and has moved for acceptance by the court of the late filing of that response.  DNs 88, 89, 90.

   It appears that Crowe completed her term of supervised release on May 19, 2014, shortly before the court entered final judgment in the case.  The United States has raised the issue of Crowe's Article III standing to further litigate this matter.  In response to the emergence of this jurisdictional issue, Crowe has moved amend the action and/or to add co-defendant David Crowe as a co-petitioner.

DN 97. Crowe has also moved for leave to file a sur-reply to the United States' reply to Crowe's objection to the United States' late filing. DN 100.[1]

I.

The court held a hearing concerning the United States' failure to file a timely response to Crowe's motion to alter or amend and motion for judgment on the pleadings. The United States had previously been granted four extensions of time in which to file its briefs, but failed to do so. On the day of the hearing, the United States filed motions to accept late filing and its response to Crowe's motions. The court indicated at the hearing that it was faced with an unusual circumstance inasmuch as this Assistant United States Attorney's representation before this judge, over many years, had been wholly satisfactory.

Crowe has objected to the late filing. She urges the court to grant her judgment on the pleadings because of the United States' "default" in timely responding to her motion, and to overturn the judgment dismissing her petition. The court, in its discretion, will grant the United States' motions to accept late filing (DNs 89, 90), and will deny Crowe's motion for judgment on the pleadings (DN 86) for the reasons stated below.

Crowe contends that acceptance of the late-filed response will set a precedent permitting delays by the United States Attorney's Office which might prejudice other defendants. DN 94, p. 1. Such concerns are for the court, not the petitioner. In considering the matter, the court has ascertained that Crowe will suffer absolutely no prejudice by the late filing of the United States' brief, as *prior*

---

[1] This document is not a motion, but rather a "last word" in response to the United States' arguments. In any event, the court will permit it to be filed, in the interest of completeness of the record.

*to* the filing of her motion to alter or amend, Crowe's supervised release ended and she no longer has a viable claim for habeas relief before this court.

If Crowe succeeded on her petition and her money laundering convictions were overturned, she would, in any event, remain a convicted felon under the remaining counts of conviction. Those other convictions are not challenged here. Thus, she cannot show that an order of this court would redress any collateral consequences from the money laundering conviction. In short, she cannot now show (and has not been able since May 19, 2014 to show) that she has "suffered an 'injury in fact'; that is, an injury which is concrete, particularized, and actual or imminent, not conjectural or hypothetical." *Zurich Insurance Co. v. Logitrans, Inc.*, 297 F.3d 528, 531 (6th Cir. 2002).

Delay in ruling on Crowe's motion having caused no conceivable prejudice to Crowe, and the court having considered the United States' request that its late filing be excused in this instance, the court will permit the late filing.

II.

Crowe seeks judgment on the pleadings as a sanction for the United States' failure to timely reply to her motions. Crowe's motion for judgment on the pleadings is without merit. As explained in *Bleitner v. Welborn*, 15 F.3d 652 (11th Cir. 1994), a case cited by Crowe,

> Habeas corpus is a strong remedy and is therefore reserved, as we had occasion to note recently, for serious rather than merely technical violations of rights. *Waletzki v. Keohane*, 13 F.3d 1079, 1081 (7th Cir. 1994). The prompt disposition of petitions for habeas corpus is highly desirable, especially given the writ's historic function of protecting citizens against arbitrary detention; and at some point delay in the disposition of a petition for habeas corpus caused by the government's willfully refusing to file a response might infringe the petitioner's right to due process of law. *Ruiz v. Cady, supra.,* 660 F.2d at 340; cf. *Allen v. Duckworth*, 6 F.3d 458, 459 (7th Cir. 1993)...[W]hen the case is nearing that point, the district court...ordinarily should proceed to the merits of the petition, since if the petition has no merit the delay in disposing of it will in the usual case have caused no prejudice to the petitioner.

15 F.3d at 653.

Crowe's motion is grounded in a mere technical violation of rights. As previously noted, Crowe is not detained. As of May 19, 2014, Crowe is no longer under any form of post-detention supervision. Her status as a convicted felon would remain unaffected by a favorable ruling on her petition. The delay of which she complains has caused Crowe no prejudice and cannot possibly constitute a due process violation such as that contemplated by the court in *Bleitner*. Crowe's motion for judgment on the pleadings will be denied.

### III.

Crowe's motion to alter or amend the judgment in this matter must be denied as her petition is now moot. The United States District Court for the Eastern District of Michigan aptly explained mootness in the context of evaluating the continuing viability of a § 2241 habeas corpus petition:

> Article III of the United States Constitution extends judicial power to cases and controversies. *See* U.S. Const. art. III, § 2, cl. 1. "To satisfy the Article III case or controversy requirement, a litigant must have suffered some actual injury that can be redressed by a favorable judicial decision."*Iron Arrow Honor Society v. Heckler,* 464 U.S. 67, 70, 104 S.Ct. 373, 78 L.Ed.2d 58 (1983) (citing *Simon v. Eastern Kentucky Welfare Rights Organization,* 426 U.S. 26, 38, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976)). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings.... [I]t is not enough that a dispute was very much alive when [the] suit was filed.... The parties must continue to have a personal stake in the outcome of the lawsuit."*Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477-78, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990) (citations and internal quotation marks omitted).
>
> If an event occurs that makes it impossible for a court to grant "any effectual relief whatever," the case must be dismissed, *Church of Scientology of Cal. v. United States,* 506 U.S. 9, 12, 113 S.Ct. 447, 121 L.Ed.2d 313 (1992) (quoting *Mills v. Green,* 159 U.S. 651, 653, 16 S.Ct. 132, 40 L.Ed. 293 (1895)), because "[f]ederal courts lack jurisdiction to decide moot cases...."*Iron Arrow Honor Society v. Heckler,* 464 U.S. at 70 (citing *Dfunis v. Odegaard,* 416 U.S. 312, 316, 94 S.Ct. 1704, 40 L.Ed.2d 164 (1974))."[A] federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the

> matter in issue in the case before it.'"*Church of Scientology of Cal. v. United States,* 506 U.S. at 12 (quoting *Mills v. Green,* 159 U.S. at 653).

*Hawthorne v. Eichenlaub*, No. 07-14613, 2008 WL 4104325, *1 (E.D.Mich. Aug. 29, 2008); *See also*, *Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009)("Thus, to sustain jurisdiction in the present case, 'it is not enough that a dispute was alive when [Demis'] habeas corpus petition was filed in the district court. [Demis] must continue to have an actual injury that is capable of being redressed by a favorable judicial decision.' *Brock v. United States Department of Justice*, 256 Fed.Appx. 748, 750 (6th Cir. 2007)."); *Gray v. Fed. Bureau of Prisons*, No. 12-cv-1236, 2013 WL 5299393 (W.D.Ky. Sept. 19, 2013).

Briefly, the history of this matter is as follows:

A jury convicted the defendants, David and Martha Crowe, and their company, Gold Unlimited, Inc., of mail fraud (counts one through seven), money laundering conspiracy (count fifteen), and money laundering (counts sixteen through twenty two), and it acquitted the defendants of securities violations (counts eight through fourteen). *United States v. Gold Unlimited, Inc.*, 177 F.3d 472, 477 (6th Cir. 1999).

The defendants were sentenced, and David and Martha Crowe were released on bond pending their date for voluntary surrender to begin service of their sentences. They failed to surrender. Instead, they fled the country. They were re-arrested in July, 2001 and returned to Kentucky. They were indicted and subsequently pled guilty to a charge of failure to appear for which they were sentenced to serve additional time.

In 2010, Crowe filed the petition in the United States District Court for the Northern District of Texas, the district in which she was serving her term of incarceration. She challenged her conviction for money laundering in light of the United States Supreme Court's decision in *United*

*States v. Santos*, 553 U.S. 507 (2008).[2] While the matter remained pending, Crowe completed service of her term and was released from custody in May, 2011. The habeas action was then transferred to this district, "the convicting court, which maintains jurisdiction over [Crowe's] term of supervised release and in whose jurisdiction [Crowe] resides." N. D. Tx. Civil Action No. 4:10CV-579, DN 19.

Crowe sought retransfer of the matter to the Texas court. DN 22. The then-presiding judge in the Western District of Kentucky, Joseph H. McKinley, Jr., denied the motion for re-transfer. He subsequently granted Crowe's motions for recusal and to vacate the order denying the motion for re-transfer. DNs 38, 41. This matter was thereafter reassigned to the undersigned, DN 42, and the motion for re-transfer was subsequently denied a second time. DN 44.

The merits of the petition were litigated through the present date. The present motion to alter or amend is Crowe's third such motion. However, her term of supervised release expired on May 19, 2014 prior to the filing of this most recent motion.

As Crowe has completed her terms of incarceration and supervised release, there is no habeas corpus- delivery of the body from confinement - that this court could order. She stands convicted of other felony crimes in this case which are not challenged herein. Impairment of her civil rights going forward, such as the right to vote or to hold public office, would not be impacted by any favorable order of the court on her petition. Her release from supervision thus renders it impossible for the court to grant any effectual relief. *See Hawthorne, supra.; Demis, supra.*

Crowe seeks to join her husband, David Crowe, as a co-petitioner in her habeas petition in order to avoid dismissal on mootness grounds. She filed this motion on June 26, 2015, over one year

---

[2] While not germane to the mootness analysis, we note in passing that the *Santos* decision was superseded by statute; 18 U.S.C. § 1956(c)(9), and thus the "*Santos* issue" which we addressed with respect to Crowe's money laundering conviction is no longer rearing its ugly head in more recent prosecutions.

after her period of supervised release expired and after the mootness issue was brought to her attention by way of the United States' response to her motion to alter or amend.

David and Martha Crowe both filed § 2241 petitions for writs of habeas corpus in their respective jurisdictions of incarceration, Martha Crowe in Texas, David Crowe in Georgia. David Crowe made virtually identical arguments with respect to the application of the *Santos* decision to his money laundering conviction. The United States District Court for the Southern District of Georgia denied his petition, in part, on the ground that, under Eleventh Circuit authority, the *Santos* decision was limited in its application to gross receipts of an unlicensed gambling operation. *Crowe v. Haynes*, No. CV210-130, 2011 WL 1558419 (S.D.Ga. Jan. 12, 2011); *Crowe v. Haynes*, No. CV210-130, 2011 WL 1559223 (S.D.Ga. April 25, 2011). David Crowe also incorporated his wife's habeas petition, as amended, as authority in support of his petition. The court looked at this material as merely persuasive, but noted that the assertions of the United States in response to Martha Crowe's 2241 petition were "more compelling" than those raised by David Crowe in the case before it. 2011 WL 1559223, *1. David Crowe did not appeal the dismissal of his § 2241 petition.

David Crowe then filed in the Western District of Kentucky and sought leave to file a second or successive petition, urging, essentially, that his money laundering conviction should receive the same treatment as his wife's conviction in this district. He urged, unsuccessfully, that this petition was not a second or successive petition because his *Santos* claim did not "ripen" until his wife successfully asserted it.[3] The United States Court of Appeals for the Sixth Circuit found that David Crowe's proposed motion was second or successive. The court found that *Santos* merely created a rule of statutory construction rather than "a new rule of constitutional law made retroactive," and that

---

[3]This court has since vacated that decision. DN 75.

- 7 -

Martha Crowe's judgment could not properly be construed as "newly discovered evidence." *Id.* Therefore, the court concluded that David Crowe had not satisfied either of the two statutory requirements for filing another motion.

David Crowe's *Santos* arguments were rejected by the 11th Circuit, the district of his incarceration. He sought to renew his arguments in this court through a second or successive petition, but was denied authorization. Martha Crowe now seeks, after her petition has already been rendered moot, to join his precluded claim with her moot one. This attempt to breathe life into her petition cannot succeed. The motion for leave to join David Crowe as a co-petitioner will be denied.[4]

As Martha Crowe's petition is moot and this court lacks authority to act further, the merits of her motion to alter or amend will not be entertained.

Were the court's authority to decide the petition not vitiated by the expiration of Crowe's supervised release, however, her motion to alter or amend would be denied on the merits.

A separate order and judgment will be entered this date in accordance with this opinion.

**IT IS SO ORDERED.**

August 6, 2015

cc: Counsel of Record
    Martha R. Crowe, *pro se*

**Charles R. Simpson III, Senior Judge**
**United States District Court**

---

[4] Martha Crowe makes reference in her brief to a docket entry which reads "Response to Motion by United States as to David Crowe, Martha Crowe, Gold Unlimited, Inc. re [300] Motion to Alter Judgment Motion for Relief from Judgment." DN 311. The actual document to which the docket entry refers responds to Martha Crowe's motion to alter or amend and motion for judgment on the pleadings. Crowe suggests that "the Court itself has described the docket text..." as a recognition by the court or the United States that David Crowe, who is still under supervision, articulates an actual injury redressable by a favorable decision from the court on the petition. A notation in the electronic docketing system affords no legal status to David Crowe in this case.